IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:25-CV-404 |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA,[1] | |
| Defendant. | |

The plaintiff, Susanne Becker, filed two lawsuits in Scotts Bluff County, Nebraska Small Claims Court. The defendant, the United States of America, allegedly removed those cases to federal court. *Becker v. Lehr*, No. 8:25-cv-370, filing 1 (D. Neb. May 29, 2025); *Becker v. Vaughn*, No. 8:25-cv-372, filing 1 (D. Neb. May 30, 2025). Next, the plaintiff brought this lawsuit: a "tort complaint, unprofessional conduct" against the government. She filed her suit in Scotts Bluff County Court. Filing 1-1 at 4. The government removed the case. This matter comes before the Court on the government's motion to dismiss for lack of jurisdiction and for failure to state a claim. Filing 9. The motion will be granted.

---

[1] Under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, if a plaintiff sues an individual federal employee, and the employee acted within the scope of his employment, the United States may substitute itself as the proper defendant. §§ 2679(b)(1), (d)(1); *Askar v. Hennepin Cnty.*, 600 F. Supp. 3d 948, 953 (D. Minn. 2022). The United States has moved to substitute itself as the defendant, and has averred that the individual named in this lawsuit, Christopher Ferretti, was a federal employee acting within the scope of his employment. Filing 7. The motion will be granted, and the United States will be substituted for Christopher Ferretti.

# I. BACKGROUND

The plaintiff's complaint alleges that an Assistant United States Attorney, Christopher Ferretti, "breached" Neb. Rev. Stat. § 25-2805 and caused "an irregular court proceeding" by removing her state court lawsuits to federal court. Filing 1-1 at 4. She seeks to suspend the attorney's law license, and his right to electronically file in Nebraska courts, due to his "gross incompanance [sic] and gross negligence . . . for being unprofessional" under Neb. Rev. Stat. § 38-179(13). Filing 1-1 at 5. She also seeks $8,000 to recover for the cost of her small claims cases, and $130,000 "for retainer cost which includes mailing, traveling, legal research, copying and printing, gas, [and] business outfits." Filing 1-1 at 5.

# II. STANDARD OF REVIEW

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction on the face of the complaint. *Id*. Conversely, in a factual attack, the Court may consider matters outside the pleadings, such as testimony and affidavits. *Id*. This is a factual attack. The government has

2

produced evidence (filing 10-1) averring that the plaintiff failed to satisfy the exhaustion requirements of the FTCA. The plaintiff did not respond to the government's evidence.

In the alternative, the government has moved to dismiss for failure to state a claim under Rule 12(b)(6). To survive a motion to dismiss, the face of the plaintiff's complaint (i.e., its text) must plead enough factual allegations to nudge the plaintiff's claims across the line from "conceivable" to "plausible." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claims are plausible when the facts alleged allow the Court to reasonably infer that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a plaintiff is represented or pro se, the complaint must contain specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

However, the Court must liberally construe *pro se* complaints, and *pro se* litigants are held to a lesser pleading standard than other parties. *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). If the "essence of an allegation is discernible," although pleaded without "legal nicety," the Court will construe the complaint in a way that allows the claim to be evaluated "within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

### III. DISCUSSION

The government asserts the Court lacks jurisdiction because the plaintiff's claim, generously construed, is a tort claim against the federal government, and the plaintiff failed to exhaust her administrative remedies under the FTCA. The plaintiff's complaint is styled as a tort claim, *see* filing 1-1, but this Court assesses substance over style. Upon review of the plaintiff's

complaint, the Court agrees that the plaintiff is asserting a tort claim against the government.

The plaintiff alleged that an Assistant United States Attorney engaged in professional misconduct by failing to follow Nebraska statutes. Any professional misconduct by an attorney, in the performance of professional or fiduciary duties, is "legal malpractice." *Gilbert v. Johnson*, 13 N.W.3d 469, 473 (Neb. 2024). Legal malpractice is a tort actionable under the FTCA. *See Mossow by Mossow v. United States*, 987 F.2d 1365, 1371 (8th Cir. 1993). The plaintiff's claim is properly construed as a legal malpractice claim against the government, and her exclusive remedy lies in the FTCA.

The FTCA is a limited waiver of the government's sovereign immunity for specific tort actions. *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). Waivers of sovereign immunity are strictly construed in favor of the sovereign. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). The FTCA requires a plaintiff, before invoking the judicial process, to completely exhaust her administrative remedies. *Mader*, 654 F.3d at 787 (discussing 28 U.S.C. § 2675(a)). If a plaintiff has not administratively exhausted her claim, the government remains immune from suits in tort, and this Court is without jurisdiction to hear the claim. *See id.*

The government asserts, with an affidavit as evidence, that it "has no record of receiving a complaint from Plaintiff . . . regarding a tort claim filed against the United States of America." Filing 10-2 at 1. It argues that the plaintiff has not exhausted her claim, and thus her suit is barred by sovereign immunity. The Court agrees, and the plaintiff's tort claims will be dismissed, without prejudice, for lack of jurisdiction.

The complaint might be (generously) construed as an attempt to recover damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

4

*Narcotics*, 403 U.S. 388 (1971). *See Lipkin v. U.S. Sec. Exch. Comm'n*, 468 F. Supp. 2d 614, 617 (S.D.N.Y. 2006). A *Bivens* action allows claims for damages against federal government employees, in their individual capacities, for constitutional violations. *See Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999). But *Bivens* actions only lie where Congress has not provided some other remedy. *Id.*

Here, the facts alleged do not indicate any constitutional rights were violated. *See generally* filing 1-1. The plaintiff's other lawsuits were properly removed to federal court pursuant to 28 U.S.C. § 1441, and the Nebraska statutes cited are unavailing. And, because professional misconduct is a tort that falls within the FTCA, Congress has already provided a remedy, so *Bivens* is unavailable. *See Carpenter's Produce*, 189 F.3d at 688.

The Court lacks jurisdiction to hear the plaintiff's tort claim against the federal government. Additionally, the facts in the complaint, generously construed, do not state any claim, in tort or otherwise, against the government. For these reasons,

IT IS ORDERED:

1.   The government's motion to substitute party (filing 7) is granted.

2.   The named defendant is now the United States of America. The caption on all docket filings hereafter shall reflect this substitution of parties.

3.   The Clerk of the Court shall correct the Court's docket

accordingly.

4.    The government's motion to dismiss (filing 9) is granted.

5.    The plaintiff's complaint is dismissed without prejudice.

6.    A separate judgment will be entered.

Dated this 9th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

6